DA 10-0196

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 251N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JASON N. RAND,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2010-35
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Martin J. Eveland; Eveland Law Office, Helena, Montana

      For Appellee:

         Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

         Leo J. Gallagher, Lewis and Clark County Attorney; Mary
Cochenour, Deputy County Attorney, Helena, Montana

                          Submitted on Briefs:  October 27, 2010

                                 Decided:  November 30, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jason Rand appeals from an order of the First Judicial District Court, Lewis and Clark County, denying Rand's motion to dismiss a charge of Driving Under the Influence of Alcohol or Drugs (DUI). We affirm.

¶3     This appeal originates from the District Court's February 2010 denial of Rand's motion to dismiss. On April 12, 2009, at approximately 3:20 a.m., Deputy Matt Reighard of the Lewis and Clark County Sheriff's Department observed Rand's vehicle traveling south on North Montana Avenue in Helena. The vehicle was moving slowly and drifting slightly. Reighard followed Rand.

¶4     After approximately two miles, Rand turned off of North Montana and into a closed gas station. Reighard drove past the station, and was forced to turn around. He entered the gas station parking lot, drove through the pump island, and proceeded towards the neighboring Valley Hub Bar, which was closed for the evening. In the meantime, Rand had parked his car in the Valley Hub's parking area facing a fence. Based upon the time of night, Reighard became suspicious that the occupants of the

vehicle were potential burglars. He resolved to determine whether everything was alright.

¶5 Reighard positioned his car behind Rand's, leaving enough room for Rand to back out. The deputy shined a spotlight into the vehicle to check on the occupants. Subsequently, Reighard approached Rand's car and inquired whether Rand and the occupant were okay. Rand responded that they were waiting for a cab because he should not drive. During the conversation, Reighard noticed a strong odor of alcohol, Rand's slow speech, and his red, glossy eyes. Reighard initiated a DUI investigation and subsequently arrested Rand for a DUI.

¶6 In Lewis and Clark County Justice Court, Rand moved to dismiss the DUI charge. He argued that Reighard had illegally seized him. The Justice Court denied the motion. Rand appealed the ruling to the District Court. The District Court affirmed the Justice Court and determined that Rand was not the subject of an illegal seizure. Rand now presents the issue of whether the District Court erred when it upheld the Justice Court's order denying Rand's motion to dismiss.

¶7 Rand was not seized. A seizure occurs when, in view of all of the circumstances, a reasonable person would not feel free to leave. *State v. Wilkins*, 2009 MT 99, ¶ 9, 350 Mont. 96, 205 P.3d 795 (citing *U.S. v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877 (1980)). In *Wilkins*, we held no seizure occurred where an officer approached a vehicle parked on the street, outside of closed businesses, in the early hours of the morning. *Wilkins*, ¶ 14. The officer did not activate the patrol vehicle's light-bar, siren or spotlight, and made no display of physical force or authority. *Id.* Furthermore, the

exchange between Wilkins and the officer was entirely voluntary. *Id.* In *State v. Clayton*, this Court held that shining a spotlight into an already parked vehicle was an insufficient display of authority to amount to a seizure. *State v. Clayton*, 2002 MT 67, ¶ 27, 309 Mont. 215, 45 P.3d 30.

¶8 *Clayton* and *Wilkins* are directly on point. Rand was already parked in public when Reighard approached him. Reighard did not activate his light-bar or siren, and did not display any intimidating behavior. Moreover, the subsequent exchange between Rand and Reighard was entirely voluntary.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE